AO 247 (Rev. 11/11:CASD 05/15)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 1

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Marquella Marshall (1) | ) | Case No: 23-cr-0373-JO |
|  | ) | USM No: 32358-298 |
| Date of Original Judgment: 1/17/2024 | ) | |
| Date of Previous Amended Judgment: | ) | Shaun Sullivan |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

The Court DENIES the Defendant's motion to reduce her sentence under 18 U.S.C. 3582(c)(2) based on the retroactive application of Parts A and B, Subpart 1 of Amendment 821 to the United States Sentencing Guidelines. The Defendant asserts that Part A of Amendment 821, which limits "status points" from the defendant's criminal history calculations if she committed the instant offense while under "probation, parole, supervised release, imprisonment, work release, or escape status[,]" is applicable to her case. *See* USSG. § 4A1.1(e) (2023). However, the PSR reflects that the Defendant was not "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status" when she committed the instant offense and never received any "status points" under USSG. § 4A1.1(e). Accordingly, Part A of Amendment 821 is not grounds for a reduction of sentence in this case. *See United States v. Conway*, No. 22-CR-00037-DKW, 2024 WL 778146, at *1 (D. Haw. Feb. 26, 2024) (Denying a defendant's motion to reduce her sentence based on Part A of Amendment 821 after a "review of [Defendant's] PSR reveals that she did not receive any status points for committing the instant offense while under any criminal justice sentence.").

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 10/10/2024

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Jinsook Ohta, United States District Judge
*Printed name and title*